IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OLIVER HILARIO,

    Petitioner,

v.                                                                      1:26-cv-00994-KG-LF

GEORGE DEDOS, et al.,

    Respondents.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Oliver Hilario's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 9.  Because Petitioner presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below.

### I.   Background

Petitioner, a native and citizen of Mexico, entered the United States in 2002 without inspection or parole.  Doc. 1 at 2, 7–8.  Prior to his detention, he resided in Corona, California, where he worked in the concrete and glass industries.  Doc. 1 at 8.  Petitioner has a long-term partner who is a United States citizen, as well as two U.S. citizen children.  *Id.*

On December 25, 2025, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner near his home.  *Id.* at 9.  He has remained in custody since that time at the Cibola County Correctional Center in New Mexico and has not been afforded a bond hearing.  *Id.*  At a Master Calendar Hearing, an immigration judge stated that the court was operating under the guidance of *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), but did not make a formal bond determination.  *Id.*

1

Petitioner claims that his continued detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. *See* Doc. 1 at 11–13. He also asserts that his warrantless arrest violated the Fourth Amendment and that Respondents' actions are inconsistent with the Administrative Procedure Act. *Id.* at 13–14. He seeks immediate release, or, in the alternative, a bond hearing before a neutral adjudicator. *Id.* at 9. The Government opposes the petition. *See* Doc. 9.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    *Analysis*

The Court concludes that (A) Petitioner's detention violates the INA, (B) Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and (C) release is warranted.

### A.    *Petitioner's detention violates the INA.*

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). First, 8 U.S.C. § 1225 governs noncitizens who are detained at a port of entry or shortly after entry. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). This includes noncitizens deemed to be "seeking admission" into the United States, 8 U.S.C. § 1225(a), as well as those placed in expedited removal proceedings under § 1225(b)(1). Absent exceptions irrelevant here, § 1225 "mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.).

2

By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country." *Jennings*, 583 U.S. at 303. Section § 1226(a) authorizes the arrest and detention of noncitizens, "on a warrant issued by the Attorney General...pending a decision on whether [they are] to be removed." Under federal regulations, noncitizens detained under § 1226(a) are entitled to an individualized bond hearing at the "outset of detention." *Jennings*, 583 U.S. at 306.

Consistent with the overwhelming majority of district courts to consider the issue, the Court concludes that § 1226(a) governs here.[1] *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts). Petitioner entered the United States in 2002 and has resided here continuously since that time. *See* Doc. 1 at 7–8. In 2025, ICE detained him in the interior of the United States, in California, where he resides. *Id.* He was subsequently served with a Notice to Appear, and his removal proceedings remain ongoing. *Id.* at 9–10. Therefore, Petitioner is a noncitizen detained "pending a decision on whether [he is] to be removed," and his detention is governed by § 1226(a). *See Jennings*, 583 U.S. at 303 (2018).

Furthermore, this Court's prior decisions control. The Government concedes that the material facts here are materially indistinguishable from those in *Patel v. Noem*, 2026 WL 103163 (D.N.M.), where the Court concluded that § 1226 governs. *See* Doc. 9 at 3. The Court has reached the same conclusion in numerous similar cases. *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.); *Arroyo Lopez v. Noem*, 2026 WL 776332, at *3 (D.N.M.); *Aguilar v. Lyons*, 2026 WL 851237, at *2 (D.N.M.). The Government acknowledges that these decisions

---

[1] While the Fifth Circuit holds that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission," *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.), the Tenth Circuit has not yet addressed the question.

control the outcome here if followed.  Doc. 7 at 2.  Because the Government offers no new basis for Petitioner's continued detention, Petitioner is entitled to relief.

**B.** **_Petitioner's detention violates the Due Process Clause._**

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  _Zadvydas_, 533 U.S. at 690.  "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  _Reno v. Flores_, 507 U.S. 292, 306 (1993).  The Government's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons."  _Landon v. Plasencia_, 459 U.S. 21, 32 (1982).  Given that § 1226(a) is controlling here, Petitioner "is entitled—as a right—to an individualized bond hearing."  _Cortez-Gonzalez v. Noem_, 2025 WL 3485771, at *5 (D.N.M.).  Petitioner's continued detention without such review "constitutes an ongoing violation of [his] right to due process."  _Id._

**C.** **_The proper remedy is release._**

The Court next turns to the appropriate remedy.  Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief.  _Clayton v. Jones_, 700 F.3d 435, 443 (10th Cir. 2012); _see also Burton v. Johnson_, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant _any form of relief necessary_ to satisfy the requirement of justice") (emphasis in original).  Given the Government's conduct here, release is warranted.  _See Singh v. Carnes_, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); _Palomeque-Carrion v. Bondi_, 2026 WL 895567, at *2 (D.N.M.) (same); _Alfaro Herrera v. Baltazar_, 2026 WL 91470, at *1 (D. Colo.) (same).

*IV.*     *Conclusion*

For the reasons above, the Court orders that:

1.  The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  Because relief is warranted under the INA and the Fifth Amendment, the Court declines to reach Petitioner's remaining claims.

2.  The Government shall release Petitioner within 24 hours of this Order and shall not impose any new conditions of release.

3.  The Government is enjoined from redetaining Petitioner absent a predetention hearing before a neutral immigration judge under § 1226(a), at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.

4.  The Government shall file a status report within 10 business days of this Order certifying compliance.

5.  The Court does not address Petitioner requests for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.  Such a request must be made by separate motion.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.